United States District Court
Southern District of Texas
**ENTERED**
November 18, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JERRICK MYCHAEL LUSK, § | |
| § | |
| Petitioner, § | |
| § | CIVIL ACTION NO. 7:18-CV-297 |
| VS. § | |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

Petitioner Jerrick Mychael Lusk, a state prisoner proceeding pro se, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) In 2014, Petitioner pleaded guilty to two counts of felony injury to a child and was sentenced to seven years confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). In seeking federal habeas relief, Petitioner does not challenge his conviction or sentence, but rather his claims address the decision by the Texas Board of Pardons and Paroles (Board) in 2018 to deny his release to discretionary mandatory supervision (DMS). Petitioner challenges the Board's decision on four grounds, including claims that the Board violated his constitutional rights to Equal Protection and Due Process.

Pending before the District Court is Respondent's Motion for Summary Judgment. (Docket No. 5.) Respondent argues that Petitioner's claims are all unexhausted and that they are otherwise meritless. (*Id.* at 5-16.) Petitioner did not respond to Respondent's motion for summary judgment.

After carefully considering the pleadings in this case, the state court record, and the applicable law, the undersigned concludes that the § 2254 petition should be denied. Petitioner's

claims are unexhausted, as he raises them for the first time in his federal habeas petition. Accordingly, for the reasons discussed further below, it is recommended that Respondent's motion for summary judgment be granted and that this action be dismissed.

## I. BACKGROUND

In 2014, Petitioner was charged with two counts of felony injury to a child in the 156th Judicial District Court of Bee, County, Texas. Petitioner pleaded guilty to the charges and was sentenced to seven years confinement in the TDCJ. Petitioner began serving his sentence on September 28, 2014, and his maximum discharge date is September 27, 2021. (Docket No. 5-4, at 3.)

On February 14, 2018, the Texas Board of Pardons and Paroles (Board) informed Petitioner that it was reviewing his case for possible release on Discretionary Mandatory Supervision (DMS). (*Id.*) On April 30, 2018, the Board denied Petitioner's release on DMS. (*Id.*) The Board listed six reasons for denying Petitioner release on DMS, which included the following: 1) Petitioner's record indicates a "predisposition to commit criminal acts upon release"; 2) the details of the instant offense reflect that Petitioner's release "poses a continuing threat to public safety"; and 3) Petitioner's "release would endanger the public." (*Id.* at 4.)

On June 27, 2018, Petitioner filed the instant § 2254 petition, challenging the Board's decision to deny him release to DMS. (Docket No. 1.) Petitioner asserts four claims in his federal petition: 1) the Board's denial is in violation of equal protection and due process because it was "arbitrary and capricious"; 2) the denial also violates his due process rights because it amounted to a revocation of his accrued good time and work time credits; 3) the Board's decision is arbitrary because there is no evidence to support the finding that his release would

Case 7:18-cv-00297   Document 6   Filed on 11/18/19 in TXSD   Page 3 of 8

endanger the public; and 4) the Board's decision amounts to an "abuse of unfettered discretion." (*Id.* at ¶ 20 (Grounds One through Four).)

## II. ANALYSIS

Respondent argues that all of Petitioner's federal habeas claims should be dismissed because he has failed to exhaust his state remedies as required by 28 U.S.C. §§ 2254(b), (c). (Docket No. 8, at 6-10.) Respondent is correct.

Section 2254(b)(1)(A) provides that an application for writ of habeas corpus "shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." Section 2254(c) further explains:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

As the Supreme Court has noted, this exhaustion requirement gives "the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). Under § 2254(b), a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Stated another way, "[j]ust as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

Here, there can be no dispute that Petitioner failed to raise his claims at the state level. Petitioner nevertheless asserts that his claims may be raised for the first time his federal habeas

3

petition because there is "no state corrective process available" to address his claims. (Docket No. 1, ¶ 23.) He further argues that, "[p]ursuant to Texas Government Code § 508.149(d)[,] there is no administrative or judicial review available for the [adverse] decision" and that "any other process would be ineffective to protect [his] constitutional rights." (*Id.*)

It is true that there are two statutory exceptions to the exhaustion requirement. Specifically, it does not apply where "there is an absence of a state corrective process" and where that process would be "ineffective to protect the rights of the applicant." *See* 28 U.S.C. § 2254(b)(i), (ii).

However, those exceptions do not apply in Petitioner's case. His four claims allege that the Board violated his constitutional rights by denying him release to DMS.[1] (Docket No. 1, ¶ 20 ("equal protection and due process rights" (Ground One); "due process" (Ground Two); "unconstitutionally arbitrary" (Ground Three); "violates equal protection and due process" (Ground Four)).) Such claims may be raised in state habeas applications pursuant to Texas Code of Criminal Procedure Article 11.07. Contrary to Petitioner's argument, the Texas Court of Criminal Appeals has rejected the notion that Government Code § 508.149(d) prevents a state writ applicant from "mount[ing] a due process challenge to the procedures used by the parole board in considering whether to release applicant to mandatory supervision." *Ex parte Geiken*, 28 S.W.3d 553, 557 (Tex. Crim. App. 2000). Texas federal courts have relied on *Ex parte*

---

[1] To the extent that Petitioner intended to claim that the Board erroneously applied state law in denying him release to DMS, such a claim would not be cognizable in a federal habeas petition under § 2254. The Supreme Court has emphasized "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). As the Fifth Circuit put it: "Needless to say, a 28 U.S.C. § 2254 applicant must claim violation of a federal constitutional right." *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (citing *Estelle*, 502 U.S. at 67-68).

4

*Geiken* for the proposition that the "exhaustion requirement applies to prisoners challenging a denial of release to mandatory supervision." *Washington v. Dretke*, No. 06-cv-1814, 2006 WL 1663387, at *1 (S.D. Tex. June 12, 2006) (citing *Ex parte Geiken,* 28 S.W.3d at 556); *see also Bradshaw v. Stephens*, No. 3:13-CV-3200-M, 2013 WL 5738026, at *2 (N.D. Tex. Oct. 21, 2013) (relying on *Ex parte Geiken* in rejecting the petitioner's argument that Government Code § 508.149(d) prevented state habeas review of the Board's decision to deny release on mandatory supervision); *Rosa v. Thaler*, No. A-10-CA-124-SS, 2011 WL 318126, at *4 (W.D. Tex. Jan. 31, 2011) (same). As stated in *Bradshaw*, "if Petitioner wishes to raise constitutional claims challenging the denial of release to mandatory supervision—which he must do in order to obtain federal habeas relief—he must exhaust his state remedies." 2013 WL 5738026, at *2; *see also Garcia v. Tex. Bd. of Pardons and Parole*s, No. 08-cv-329, 2009 WL 1708077, at *2 (S.D. Tex. June 17, 2009) (holding that a petitioner must exhaust his state remedies when challenging the denial of release to DMS).

Because Petitioner failed to exhaust state court remedies before seeking federal habeas relief, and because he has failed to show that those remedies would be ineffective, his § 2254 petition should be denied without prejudice.[2]

---

[2] One of Petitioner's claims is that the Board violated his due process rights by, in effect, revoking his "good time/work time credits" when it denied his release to DMS. (*See* Docket No. 1, ¶ 20 (Ground Two).) This claim is essentially a restatement of Petitioner's other claims alleging that the Board denied his release to DMS without affording him due process (such as a "formal hearing"). (*Id.*) To the extent that this claim may also be construed as a time credit dispute, Petitioner was required to first challenge this revocation by filing a Time Dispute Resolution (TDR) form. *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010) ("Under [Texas Government Code § 501.0081], prisoners are required to seek administrative review of their time-credit disputes by filing a TDR before filing a state habeas application."); *see also Bolden v. Director*, TDCJ-CID, No. 08-cv-406, 2009 WL 1120010, at *1 (E.D. Tex. Apr. 27, 2009) ("inmates must seek relief through the time credit dispute resolution process prior to seeking state habeas corpus relief on time credit issues"). By his own admission, Petitioner failed to file

---

a TDR.  (Docket No. 1, ¶ 23; *see also* Docket No. 5-4, at 4.)  Thus, any time-credit claim should also be denied as unexhausted.

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Respondent's Motion for Summary Judgment (Docket No. 5) be GRANTED, that Petitioner's § 2254 habeas petition (Docket No. 1) be DENIED, and that this action be DISMISSED without prejudice for failure to exhaust state remedies. For the reasons discussed below, it is further recommended that Petitioner be denied a certificate of appealability.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the recently-amended § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding). An applicant may also satisfy this standard by showing that "jurists could conclude the issues

7

presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329.  As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed on procedural grounds.  For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that Petitioner's attacks on the Board's adverse decision should be dismissed because he failed to exhaust his state court remedies.  Accordingly, Petitioner is not entitled to a COA.

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on November 18, 2019.

Peter E. Ormsby
United States Magistrate Judge